**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

*United States v. Edward Lee Cannon, II*
Case No. 3:08-cr-00059-TMB-DMS-1

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on the Final Report and Recommendation ("R&R") of Chief United States Magistrate Judge Smith recommending the Court grant Defendant Edward Lee Cannon, II's Motion to Modify Conditions of Release ("Motion to Modify").[1] The United States filed objections to the R&R.[2] For the reasons discussed below, the Court **ADOPTS and ACCEPTS** the R&R at Docket 81. Consequently, the Motion at Docket 71 is **GRANTED.**

### A. Motion to Modify

Cannon previously pleaded guilty to Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).[3] On February 1, 2021, Cannon filed a Motion to Modify the conditions of his supervised released, requesting permission of the Court to use medical marijuana.[4] In his Motion to Modify, Cannon argues that pursuant to 18 U.S.C. § 3583(d) a court has discretion to impose special conditions of supervised release that are reasonably related to the goals of deterrence, protection of the public, or offender rehabilitation, involve no greater deprivation of liberty than necessary to achieve those goals, and are consistent with any pertinent policy statements of the Sentencing Commission.[5] Cannon contends he "has a documented history of chronic lower back pain stemming from a motor vehicle accent, accompanied by insomnia and anorexia" and that his treating physician recommends he use medical marijuana, or cannabis.[6] Cannon notes possession of small amounts of marijuana for personal use has been legal in Alaska for more than 40 years, and that he has been issued a "Medical Marijuana Registration Patient Card" ("Patient Card") by the State of Alaska and is legally able to purchase, possess, and use medical marijuana.[7] Further, he argues several defendants in the District of Alaska who possess a valid Patient Card have recently been granted modifications to their conditions of supervised release that permit them to use marijuana medicinally in accordance with Alaska law.[8] Additionally, Cannon argues that, staring in 2014, Congress included a rider in the annual budget appropriations bill that bars the Department of Justice ("DOJ") from enforcing the federal

---

[1] Dkts. 81 (R&R); 71 (Motion to Modify).
[2] Dkt. 82 (Objections).
[3] Dkts. 23 (Plea Agreement); 29 (Minute Entry); 30 (Judgment).
[4] Dkt. 71 at 1–2, 5.
[5] *Id.* at 4 (citing *United States v. Riley*, 576 F.3d 1046, 1048 (9th Cir. 2009)).
[6] *Id.* at 2.
[7] *Id.* at 2–3.
[8] *Id.* at 4.

1

marijuana ban in certain circumstances.[9] The Ninth Circuit ruled that this budget rider "'prohibits DOJ from spending funds from relevant appropriation acts for the prosecution of individuals who engaged in conduct permitted by the State Medical Marijuana Laws and who fully complied with such laws.'"[10]

The U.S. probation officer ("USPO") assigned to Cannon's case supports the modification[11]; however, the United States opposes the modification ("Opposition").[12] The United States argues that although the United States "may be prohibited from prosecution certain marijuana-related offenses, it does not follow that this Court must allow a defendant on supervised release to use marijuana in violation of federal law."[13] Further, the United States argues that this Court should deny the modification under the Ninth Circuit's precedent in *United States v. Nixon*.[14] Finally, "the Court should inquire as to whether Cannon's medical issues can be addressed legally."[15]

### B. Final Report and Recommendation

On March 11, 2021, the Magistrate Judge held a hearing during which a USPO stated that Cannon has complied with all other conditions of his release and that probation did not oppose Cannon's use of medical marijuana.[16] The United States maintained the position that "compliance [with] federal law is a mandatory condition of supervised release" and that "[u]sing marijuana is against federal law."[17] The United States argued that based on Cannon's medical conditions, there were "other things that could treat" his issues.[18] However, the United States acknowledged that other defendants were permitted to use marijuana with a prescription under the care of doctor and were "doing well on supervision."[19]

On March 18, 2021, the Magistrate Judge issued the R&R recommending the District Court grant Cannon's Motion to Modify.[20] The Magistrate Judge first noted that in the District of Alaska, "courts have routinely granted similar allowances for use of medical marijuana by defendants on supervised release."[21] Next, the Magistrate noted that the USPO assigned to Cannon's case supports the modifications of his conditions of release.[22] Accordingly, the Magistrate Judge

---

[9] *Id.* at 3.
[10] *Id.* at 3–4 (quoting *United States v. McIntosh*, 833 F.3d 1163, 1177 (9th Cir. 2016)).
[11] Dkt. 80 at 5 (Hearing Tr.).
[12] Dkts. 72 (Opposition); 73-1 (Revised Opposition).
[13] Dkt. 72 at 2.
[14] *Id.* (citing *United States v. Nixon*, 839 F.3d 885, 888 (9th Cir. 2016)).
[15] *Id.*
[16] *See* Dkts. 79 (Minute Entry); 80 at 4–5.
[17] Dkt. 80 at 5–6.
[18] *Id.* at 9.
[19] *Id.* at 8.
[20] Dkt. 81 at 1.
[21] *Id.* (citing *United States v. Mutazz Abasi Chenery*, 3:07-cr-00128-TMB (closed on June 10, 2008) (Dkt. 210 at 5); *United States v. Reginald La Don Davis*, 3:12-cr-00085-SLG (closed on Apr. 4, 2013) (Dkt. 112); *Jodi Marie Southern*, 3:18-cr-00086-SLG (closed on July 24, 2018) (Dkt. 6)).
[22] *Id.*

concluded modification of Cannon's conditions of release to permit use of medical marijuana in accordance with the laws of the State of Alaska was appropriate.[23]

### C. Objections

The United States then filed objections, reiterating that under 18 U.S.C. § 3583(d), all convicted defendants, including Cannon "are subject to a mandatory condition of release prohibiting them from committing federal, state, and local crimes" and "[u]sing marijuana continues to be illegal under federal law."[24] Second, the United States argues that although courts in this District have permitted defendants on supervised release to use medical marijuana, "that is far from the national norm," and the Ninth Circuit has affirmed other district courts' decisions denying similar requests.[25] Courts nationwide "have concluded that they do not have the discretion to grant a defendant's request to use medical marijuana in violation of federal law, even if the use is consistent with state law."[26] Finally, the Ninth Circuit has expressly held that the budget rider Cannon references in his Motion "'ha[s] no effect on the Court or the Probation Office' and therefore does not prohibit this Court from enforcing mandatory supervised release conditions."[27]

Having reviewed the record, the Objections do not merit revision or rejection of the R&R, and the Court therefore **ADOPTS and ACCEPTS** the R&R and **GRANTS** Cannon's Motion to Modify. In *Nixon*, the Ninth Circuit concluded it was not an abuse of discretion to deny a defendant's request for medication of his conditions of probation to allow for medical marijuana consumption.[28] However, *Nixon* does not prevent this Court's exercise of discretion to allow for such a modification, and, as noted by the parties and USPO, courts in this District have made identical modifications in other cases.[29] Here, the Magistrate Judge's recommendation is supported by the record, and the Objections do not alter this conclusion.

### D. Conclusion

The Court concludes the United States' Objections do not merit revision or rejection of the R&R. Accordingly, the Court **ADOPTS and ACCEPTS** the R&R at Docket 81. Consequently, the Motion at Docket 71 is **GRANTED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: May 7, 2021.

---

[23] *Id.* at 1–2.
[24] Dkt. 82 at 2, 4.
[25] *Id.* at 2.
[26] *Id.* at 2–3.
[27] *Id.* at 3 (quoting *Nixon*, 839 F.3d at 887).
[28] *Nixon*, 839 F.3d at 887–88.
[29] *See, e.g., supra* n. 21.